This document was signed electronically on October 17, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: October 17, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 14-51588 |
| ANGELA D. SHELTON, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) Adversary Proceeding No. 16-05068 |
| ——————————————— | ) |
| | ) |
| KATHRYN A. BELFANCE, Trustee, | ) Judge Alan M. Koschik |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANNIE BELL TOLBERT SHELTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM DECISION ON
## CROSS-MOTIONS FOR SUMMARY JUDGMENT

On November 22, 2016, Kathryn A. Belfance (the "Trustee"), the duly-appointed chapter 7 trustee in the bankruptcy case of debtor Angela D. Shelton (the "Debtor"), filed her Complaint

in the above-captioned adversary proceeding (the "Complaint"). The Complaint seeks, inter alia (a) authorization to sell the estate's interest in the real property known for mailing purposes as 101 Tolbert Circle, Montevallo, Alabama 35115, and described in Exhibit A to the Complaint (Docket No. 1 Ex. A) (the "Real Estate"); and (b) a determination of the rights, title, and interest of all parties to this proceeding in the Real Estate. Complaint ¶ 20. In particular, the Trustee asserts that, pursuant to her strong-arm powers under 11 U.S.C. § 544, her interest in the Real Estate is superior to any interest claimed by defendant Annie Bell Tolbert Shelton (the "Defendant").

On February 9, 2017, the Defendant filed her answer to the Complaint in this adversary proceeding (Docket No. 11) (the "Answer").

On August 25, 2017, the Defendant moved for summary judgment (Docket No. 25) (the "Defendant's Motion"). On August 25, 2017, Trustee filed her own motion for summary judgment (Docket No. 26) (the "Trustee's Motion," and with the Defendant's Motion, the "Motions"). Both Motions have been fully briefed with responses by the opposing party and replies in support by the respective movant.

For the reasons set forth below, the Trustee's Motion will be denied and the Defendant's Motion granted.

## JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. Venue is proper pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N), and (O).

## SUMMARY JUDGMENT STANDARD

In bankruptcy cases, including adversary proceedings, a party may move for summary judgment at any time before 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise. Fed. R. Bankr. P. 7056 (otherwise incorporating Fed. R. Civ. P. 56); *see also* Fed. R. Bankr. P. 9014(c). When a party so moves, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). A Plaintiff movant must establish all essential elements supporting its claim in this fashion; a defendant must establish that any one (or more) essential elements of Plaintiff's claim fails, or establish all elements of one or more of defendant's affirmative defenses, in order to obtain a defense judgment by summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Evidence presented in support of summary judgment is viewed in the light most favorable to the non-moving party, "drawing all reasonable inferences in its favor." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986). However, if a moving party meets its burden to establish a lack of genuine dispute as to a material fact, the burden then shifts to the non-moving party to "come forward with evidence which would support a judgment in its favor." *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e). In responding in this way to a motion for summary judgment, the non-moving party may not rely on a "mere scintilla of evidence" in support of its opposition to the motion. There must be enough evidence presented in which a fact-finder could reasonably find for the non-moving party. *Zenith*, 475 U.S. at 586.

**FACTUAL AND PROCEDURAL HISTORY**

The parties submitted a stipulated record for the Court to take under advisement, including exhibits. (Docket No. 23.) The following facts are recounted from those stipulations, stipulated exhibits, and the Court's own docket. The parties stipulate, and the Court agrees, that there are no genuine disputes regarding the material facts relevant to the Motions.

The Debtor is the daughter of the Defendant. On April 27, 2009, in Akron, Ohio, the Defendant executed a durable power of attorney appointing the Debtor as her attorney in fact (Docket No. 23 Ex. A) (the "POA"). The POA authorized the Debtor to take a wide range of actions with respect to the Defendant's person and property, including comprehensive powers with respect to the Defendant's interests in real property. The POA authorized the Debtor

> to sell, lease, convey, and to deliver possession and control of [the Defendant's] real property, on such terms and conditions, and under such covenants, as said attorney in fact shall deem proper and in my name execute, acknowledge, and deliver such instruments necessary to effect such sale, conveyance, lease, or agreement.

(Docket No. 23 Ex. A at 2.) This is the most specific provision regarding the disposition and transfer of real property in the POA. The POA does not specifically authorize the Debtor to transfer real property from the Defendant to herself.

The Defendant had not been adjudicated incompetent at the time of the execution of the POA. The POA is expressly not dependent on the disability of the Defendant.

On August 2, 2010, Debtor, as attorney in fact pursuant to the POA, executed a warranty deed, conveying, or purporting to convey, Defendant's interest the Real Estate to the Debtor (Docket No. 23 Ex. B) (the "Warranty Deed"). The Warranty Deed was recorded that same day with the Shelby County, Alabama Judge of Probate. *Id*. The POA was also recorded with the

4

same recording authority.[1] Although the face of the Warranty Deed recites that the sum of $10,000 was paid in exchange for the transfer of the Real Estate, the parties stipulated that no sum of any kind was paid by the Debtor in consideration for the transfer of the Real Estate. (Docket No. 23 ¶ 9.)

On June 19, 2014, the Debtor filed a petition under chapter 7 of the Bankruptcy Code. The Debtor identified the Real Estate on her Schedule A.

The Trustee obtained a title report on the property, dated July 28, 2016, which the Defendant later introduced as an exhibit to the Defendant's Motion (Docket No. 25 Ex. B) (the "2016 Title Report"). Under "other matters," the 2016 Title Report provided as follows:

> The next conveyance is from Annie Bell Tolbert Shelton to Angela D. Shelton, dated August 2, 2010 and recorded in Inst. No. 201008020000246240. The deed is executed by Angela D. Shelton as attorney in fact for Annie Bell Tolbert Shelton pursuant to an improperly acknowledged power-of-attorney recorded in Inst. No. 20108020006246230. The recorded Power of Attorney does not give the attorney in fact the power to convert assets to her own use and is not valid upon the incompetency of Annie Bell Tolbert Shelton.

(Docket No. 25 Ex. B at 2.) Earlier, on January 12, 2015, the Trustee obtained a "Limited Liability Title and Lien Certificate" from the Shelby County Abstract & Title Company, Inc. (Docket No. 28 Ex. A) (the "2015 Title Report") that concluded that the title to the Real Estate was vested in the Debtor. The 2015 Title Report did not contain language questioning the sufficiency of the Defendant's POA or the validity of the August 2, 2010 deed. The 2016 Title Report, including its reservations about the POA and the transfer of title to the Debtor, is not part of the record title.

---

[1] The recordation of the POA is not included in the parties' stipulations at Docket No. 23. The parties stipulate to the authenticity of the POA, but do not reference its recordation. However, as discussed herein, the Defendant's Motion introduces as an exhibit a title report (hereinafter defined as the "2016 Title Report") that reports that the POA was also recorded and identifies its specific instrument number. (Docket No. 25 Ex. B at 2.) The Trustee does not dispute that the POA was recorded in the official land records of Shelby County, nor does she offer any evidence to call that fact into question.

On November 22, 2016, the Trustee filed her Complaint seeking, inter alia, (a) the right to sell the Real Estate pursuant to Section 363 of the Bankruptcy Code, and (b) a declaration and determination of the right, title, and interest of the parties in the Real Estate. (Docket No. 1.) In her Answer (Docket No. 11), the Defendant denied for want of knowledge that the Debtor has a fee simple interest in the Real Estate, that it is not currently encumbered by any mortgages or security interests or liens, and that the Trustee has the right to sell it free and clear of interests other than the estate's. (Answer ¶¶ 6-11.)

## LEGAL ANALYSIS

Under Section 544(a)(3) of the Bankruptcy Code, a bankruptcy trustee acquires the rights of a hypothetical *bona fide* purchaser of the debtor's real property. A *bona fide* purchaser under nonbankruptcy law takes title subject to any prior claims and interests of which she has either (1) actual knowledge, or (2) constructive knowledge. Such prior claims or interests prevail against the *bona fide* purchaser. However, the rights a bankruptcy trustee acquires pursuant to Section 544(a)(3) allow her to act as a *bona fide* purchaser of the debtor's real property without regard to her actual knowledge or that of any creditor. Notwithstanding the trustee's power to prime or avoid claims and interests of which she or any of the debtor's creditors have actual knowledge, a bankruptcy trustee is, like any *bona fide* purchaser, charged with constructive knowledge of any claim or interest that is imputed to any purchaser pursuant to applicable nonbankruptcy property law.

Under Alabama law, a power of attorney that does not specifically authorize the attorney-in-fact to transfer the principal's real property to herself does not grant the power to do so. Furthermore, applicable Alabama Supreme Court precedent holds that a deed purporting to make such a transfer to the attorney-in-fact is void, not merely voidable. Under these circumstances,

6

no party could acquire good title to the real property from the attorney-in-fact and could not be a *bona fide* purchaser.

Moreover, even a *bona fide* purchaser would not acquire superior title to real estate under such circumstances because she would be charged with constructive knowledge of the flawed recorded instruments—which in this case include both the deed itself as well as the POA. In fact, the deed alone, purporting to transfer real estate to the same person who is acting as the transferor's attorney-in-fact, would be sufficient to warn a purchaser of Alabama real estate to inquire further about any specific authorization for the attorney-in-fact to transfer the principal's real property to herself.

As explained more fully below, the Trustee can acquire neither good nor superior title to the Real Estate from the Debtor under these circumstances.

I. **The Trustee's Statutory Rights as a Hypothetical *Bona Fide* Purchaser of the Debtor's Real Property Do Not Give Her an Interest in Real Property In Which the Debtor's Purported Title is Void.**

At the commencement of a bankruptcy case, an estate is created that includes, with certain statutory exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Section 544 of the Bankruptcy Code provides, in relevant part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

The extent of a trustee's rights as a hypothetical *bona fide* purchaser under Section 544(a)(3) is determined by the law of the state governing the property. *See*, *e.g.*, *Butner v. United States*, 440 U.S. 48 (1979); *Owen-Ames-Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir. 1993). The Real Estate is located in Alabama, so Alabama state law controls. To constitute a *bona fide* purchaser under Alabama law, the purchaser must make a (1) good faith purchase, (2) of a legal, not equitable, title, (3) for valuable consideration, and (4) had no notice of a third party's claim or interest. *See Lightsey v. Stone*, 255 Ala. 541, 546, 52 So. 2d 376, 381 (1951) (holding that joint possession of land does not operate as constructive notice of status of a title). Notice can either be actual or constructive. *Id.* at 547.

Each of the trustee's strong arm powers under 11 U.S.C. § 544(a), including Section 544(a)(3), which gives the trustee rights of a hypothetical *bona fide* purchaser, operates "without regard to any knowledge of the trustee." *Id.* Courts have interpreted this to mean that a trustee has *bona fide* purchaser status without regard to his or her actual knowledge, but the trustee's interest can still be inferior to any interest of which the trustee has constructive knowledge. *See, e.g., Zaptocky v. Chase Manhattan Bank* (*In re Zaptocky*), 250 F.3d 1020, 1027 (6th Cir. 2001) (a trustee's "actual knowledge does not undermine his right to avoid a prior defectively executed mortgage," but "the Bankruptcy Code's strong arm clause does not immunize a trustee who has constructive knowledge of a prior mortgage"); *Anderson v. Conine (In re Robertson)*, 203 F.3d 855, 864 (5th Cir. 2000) ("When an otherwise bona fide purchaser of real estate would be subject to a claim because of constructive notice under state law, the trustee cannot avoid the claim."); *First Southern Bank v. Stanphill* (*In re Stanphill*), 312 B.R. 691, 694 (Bankr. N.D. Ala. 2004) (a mortgage that completely omitted a legal description of the property did not provide constructive

notice to a subsequent purchaser, suggesting that if the mortgage had sufficiently described the property, the trustee could not have avoided the claim).

In Alabama, "[a] purchaser will have constructive notice of everything which appears in any part of the deeds or instruments which prove and constitute the title purchased, and is of such a nature that, if brought directly to his knowledge, it would amount to actual notice." *Shorter v. Frazer*, 64 Ala. 74, 81 (1879). A purchaser also has constructive notice if "the facts were such as to cause a reasonable person to inquire as to the possible existence of a competing interest." *In re Stanphil*, 312 B.R. at 694, *citing Touchstone v. Peterson*, 443 So. 2d 1219, 1225 (Ala. 1983). The burden of proof is on the Defendant to prove that the Trustee had constructive notice. *See Lightsey*, 255 Ala. at 547, 52 So. 2d at 381. These two rules of construction for constructive knowledge—one based on a common law duty to inquire and one based on the record made pursuant to a recording statute—largely parallel those that apply in Ohio. *See Field v. Ocwen Loan Servicing (In re Schlabach)*, 490 B.R. 555, 561 (Bankr. S.D. Ohio 2014) (citing *Thames v. Asia's Janitorial Serv., Inc.*, 81 Ohio App.3d 579, 587, 611 N.E.2d 948 (Ohio. Ct. App. 1992)).

The Court turns now to the analysis of what documents imparted constructive knowledge to the Trustee and the legal impact of such constructive knowledge.

**A. The Title Reports Are Not Part of the Chain of Title.**

Repeatedly in their briefing, the parties cite the 2016 Title Report and 2015 Title Report (collectively, the "Title Reports") as relevant or potentially relevant to the question of constructive knowledge. However, the Title Reports are irrelevant to the extent of the Trustee's constructive knowledge of the Defendant's interest in the Real Estate.

Both Alabama real property law and the Sixth Circuit's interpretation of a bankruptcy trustee's strong-arm powers under Section 544(a) make clear that it is the official property records, not a third party analysis of it, that gives a *bona fide* purchaser (or a bankruptcy trustee

9

with the powers of a hypothetical *bona fide* purchaser) constructive knowledge of a prior interest or encumbrance in property. *See, e.g., Shorter*, 64 Ala. 81; *In re Schlabach,* 490 B.R. at 561 ("a purchaser of real property is charged with constructive knowledge of the *contents* of an instrument recorded in compliance with [the applicable recording statute]") (emphasis in original). A third party *analysis* of that record is merely an opinion about the legal import of the official record and does not itself affect a bankruptcy trustee's strong arm powers under Section 544(a)(3). Constructive notice in Alabama extends only to the contents of "the [recorded] deeds or instruments which prove and constitute the title purchased." *Shorter,* 64 Ala. at 81. Moreover, the Title Reports in this case were never recorded so as to be part of the official record concerning the Real Estate. Because constructive knowledge, including of the kind that can defeat the rights of a *bona fide* purchaser, flows from the actual recorded chain of title, not a title report analyzing it, the Title Reports are irrelevant to the Motions and the Court's decision.

The Court therefore turns to the documents recorded in Shelby County, Alabama relevant to the Real Estate: the POA and the Warranty Deed.

> **B. Under Alabama Real Property Law, Unless a Power of Attorney Expressly Gives the Agent the Authority to Transfer the Principal's Real Property to Herself, an Agent's Deed Purporting to Make Such a Transfer Is Ineffective.**

In *Lamb v. Scott*, 643 So. 2d 972, 1994 Ala. LEXIS 374 (Ala. 1994), the Alabama Supreme Court held that powers of attorney are construed strictly, "restricting the powers to those expressly granted," and held that because the challenged power of attorney "did not specifically state that [the attorney-in-fact] could convey land to herself, she was without the power to do so." *Id.* at 974. In that case, involving facts similar to those in this case, absent a bankruptcy filing, a mother executed a durable power of attorney appointing her daughter as her attorney-in-fact. Approximately a year later, the daughter, as her mother's attorney-in-fact, executed a deed transferring her mother's interest in certain real property to the daughter and her

10

sister. The mother's stepson filed suit to have the deed be declared void, and prevailed. Because Alabama's "common law rule that a power of attorney grants only those powers expressly conferred" specifically excludes conveyance of the principal's property to the attorney-in-fact without express authorization, "the deed was void as to [the complaining party with an interest in the property]." *Id.*

The POA in this case was properly executed and acknowledged within the State of Ohio under Ohio law. *See* Ohio Rev. Code § 1337.01 (2002). However, the question raised by the Motions is not whether the POA was properly executed and acknowledged and, therefore, a valid power of attorney. The question is whether the real property law of Alabama would permit an attorney-in-fact or agent to transfer the principal's real estate to herself on the strength of the POA, which includes the general power "to sell, lease, convey, and to deliver possession and control of [the Defendant's] real property," but does not specifically authorize self-dealing. The Court reads *Lamb v. Scott* as an expression of Alabama's real property law that conclusively prohibits the transfer of Alabama real estate to a self-dealing agent under a power of attorney that does not include a specific grant of power allowing such self-dealing, regardless of whether the power of attorney itself was executed pursuant to another state's laws or whether that other state's real property law would have upheld a similar transfer in that state. Alabama has the closer nexus to its real estate transactions and its law governs.

### C. Because Alabama Does Not Recognize the POA as Authority to Execute the Warranty Deed, the Warranty Deed is Void Under Alabama Law.

If the Warranty Deed were merely voidable, then the Debtor's bankruptcy estate would have had an interest in the Real Property as of the commencement of the case, because the Defendant had not yet commenced any action to void the Warranty Deed as of the petition date. Conveyances that are merely voidable are "subject to be set aside and cancelled at the suit of" a

11

party with a superior interest. *See Ham v. Blankenship*, 194 F.2d 430, 432 (5th Cir. 1952). When an act is void, however, it is "entirely destitute of legal effect." *Ex Parte Banks*, 185 Ala. 275, 279, 64 So. 74 (Ala. 1913). The Alabama Supreme Court in *Banks* admonished that "judges … have frequently used the words 'voidable' and 'void' indiscriminately, when referring to contracts," *id.* at 280, but this Court is not prepared to conclude that the Alabama Supreme Court in *Lamb* confused the two words and their meaning. Because the Alabama Supreme Court in *Lamb* described deeds given by an attorney-in-fact to herself without express authority to do so as "void," 643 So. 2d at 974, this Court concludes that the law of Alabama holds such purported deeds to be legal nullities. The Warranty Deed is such a null deed.

Because the Warranty Deed is void, it did not transfer any interest in the Real Estate from the Defendant to her attorney-in-fact, the Debtor. As such, when the Debtor filed her bankruptcy petition, she did not have any interest in the Real Estate that became property of her bankruptcy estate pursuant to 11 U.S.C. § 541 or with respect to which the Trustee became a hypothetical *bona fide* purchaser pursuant to 11 U.S.C. § 544(a)(3). The Debtor was incapable of conveying the legal title sufficient to permit a transferor to become a *bona fide* purchaser, as required by *Lightsey*. 255 Ala. at 546. Section 544(a)(3) does not give the Trustee the power of a hypothetical *bona fide* purchaser of real property in which the Debtor did not have valid legal title under applicable Alabama real property law.

   **D. Even if the Trustee Were a Hypothetical *Bona Fide* Purchaser of the Real Estate Because the Debtor's Title Was Voidable, not Void, the Trustee Could Not Exercise Superior Rights Over the Real Estate Because She Had Constructive Notice of the Defendant's Rights Therein.**

The Real Estate was never property of the Debtor's bankruptcy estate as a matter of Alabama real property law. However, it is also important to observe that the Trustee had

constructive knowledge of the defect to the Debtor's title as well the Defendant's right to avoid the Warranty Deed if Alabama property law required that procedural step.

Therefore, even if the Court incorrectly interprets the Alabama Supreme Court's decision in *Lamb* as rendering the Warranty Deed void, not merely voidable, the Defendant would nevertheless prevail because the Trustee had constructive notice of the Defendant's right to avoid the Warranty Deed.

The Debtor appeared to hold title to the Real Estate when she filed her bankruptcy petition. However, examination of the record title reveals a Warranty Deed signed by the Debtor (as an attorney-in-fact) purporting to transfer the Real Property to herself. Given Alabama's legal restrictions on such transfers, any purchaser would have been on inquiry notice to determine whether the Debtor had been granted specific authority for such transfer in the relevant power of attorney. *See Stamphil,* 312 B.R. at 694, *citing Touchstone v. Peterson,* 443 So. 2d 1219, 1225 (Ala. 1983). Unless such specific authority had been granted, the transfer would have been at least voidable and any purchaser from the Debtor would be subject to that claim.

Moreover, in this case the POA itself was recorded. It revealed to the Trustee, as well as to any other potential purchaser and the entire world, that the POA did not grant the Debtor specific power to transfer title to herself. Unlike an unrecorded mortgage or deed as to which a bankruptcy trustee could take title free and clear pursuant to Section 544(a)(3), the Trustee had constructive knowledge that the Debtor had no business asserting title to the Real Estate or placing it in her bankruptcy estate to be divided up by her creditors.

13

## II. The Trustee May Not Sell the Real Estate Free and Clear Pursuant to 11 U.S.C. § 363(f) on the Basis of an Asserted *Bona Fide* Dispute.

The Complaint also alleges that the Trustee has the right to sell the Real Estate free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(b) and (f), including, *inter alia*, on the basis that the interest is subject to *bona fide* dispute. (Complaint ¶¶ 13-15.) However, as a threshold matter, Section 363 of the Bankruptcy Code only applies to property of the estate. Because the transfer of the Defendant's interest in the Real Estate to the Debtor was void under applicable Alabama law, the Debtor did not have an interest in the Real Estate as of the petition date that would have become property of her bankruptcy estate. *See* 11 U.S.C. § 541(a). Therefore, the Trustee cannot sell the Real Estate under 11 U.S.C. § 363(b), whether free and clear pursuant to Section 363(f) or otherwise, because the Real Estate is not and never has been property of the estate.

## CONCLUSION

Alabama does not authorize anyone acting as attorney-in-fact for another to transfer their principal's real property to themselves without express written authority for such a transfer, and the POA did not contain such express authority. Alabama law further provides that purported transfers of real property that violate that common law rule are void. Therefore, the Warranty Deed is void, and the Debtor never acquired any interest in the Real Estate. Because of this, the Real Estate never became part of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, the Trustee never acquired the rights of a hypothetical *bona fide* purchaser of the Real Estate pursuant to 11 U.S.C. § 544(a)(3), and the Trustee therefore cannot sell the Real Estate pursuant to 11 U.S.C. § 363(b) and (f).

For these reasons, the Trustee's Motion for Summary Judgment will be denied, and the Defendant's Motions for Summary Judgment will be granted. Judgment on the motions will not be deemed entered until a separate form of judgment has been entered by the Clerk.

# # #